# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LUIS ALBERTO LUGO-VELEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA

    Respondent.

Civil No. 05-01974 (ADC)

## OPINION AND ORDER

Presently before the Court is petitioner Luis Alberto Lugo-Vélez's ("petitioner") "Motion in the Interest of Justice to Reopen the [28 U.S.C.] § 2255 Proceedings for Reconsideration in Light of New Evidence and Intervening Changes in the Law Pursuant to Fed.R.Civ.P. 60(b)(2) and (6)" ("motion for reconsideration") (**ECF No. 108**). Therein, petitioner seeks to reopen his habeas corpus proceeding in light of alleged newly discovered evidence; specifically, the affidavit of Violeta Reyes-Rodríguez ("Ms. Reyes"), and an alleged intervening change in the law; specifically, the Supreme Court's decision in *Lafler v. Cooper*, 566 U.S. ___, 132 S.Ct. 1376 (2012). For the reasons discussed below, the motion for reconsideration is **DENIED**.

**I.**    **Background**[1]

Petitioner filed a *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 ("the § 2255 motion"), raising, *inter alia*, claims of ineffective assistance of counsel, including that his trial counsel failed to inform him about a government plea offer, and failed to conduct an adequate pretrial investigation. **ECF Nos. 1, 3.** Ultimately, after

---

[1] The background herein addresses events since the filing of petitioner's appeal from the Court's Opinion denying habeas relief (**ECF No. 98**). The factual background of petitioner's criminal proceeding can be found at *United States v. Carlos-Cruz*, 352 F.3d 499 (1st Cir. 2003). The procedural background of the instant habeas proceeding prior to petitioner's appeal to the First Circuit Court of Appeals can be found in the Court's Opinions at **ECF Nos. 36 and 98**.

holding an evidentiary hearing at which petitioner was represented by counsel (**ECF Nos. 70, 87**), the Court denied petitioner habeas relief on his claims of ineffective assistance of counsel, and, subsequently, denied him a certificate of appealability ("COA"). **ECF Nos. 98, 103.**

On appeal, petitioner, still represented by appointed counsel, again moved for a COA. He also filed a "Motion Supplementing Petitioner's Request for Certificate of Appealability" ("the supplemental motion"). **ECF No. 108-2** at 3-21. Therein, he sought to supplement his COA request with alleged newly discovered evidence from Ms. Reyes; specifically, the same evidence that he seeks to introduce in the motion for reconsideration. *See generally id*. On July 16, 2012, the First Circuit Court of Appeals denied petitioner's request for a COA. **ECF No. 106.** In addition, the First Circuit construed the supplemental motion as an application for leave to file a second or successive § 2255 motion, and, so treated, denied it as failing to meet the requirements of § 2255(h). *Id*. Thereafter, the First Circuit denied petitioner's request for rehearing and rehearing *en banc*. **ECF No. 108-2** at 32.

Almost a year later, petitioner returned to this Court, filing the instant motion for reconsideration. **ECF No. 108.**

## II. Legal Standard

A prisoner may utilize Fed.R.Civ.P. 60(b) ("Rule 60(b)") to reopen or seek reconsideration of an earlier denial of their § 2255 motion under only limited circumstances. Specifically, in the Rule 60(b) motion, the petitioner must either allege that some defect existed in the integrity of his federal habeas proceeding, such as fraud on the court, or challenge a federal habeas court's judgment that does not substantively address federal grounds for setting aside his conviction. *Gonzalez v. Crosby*, 545 U.S. 524, 532-33 & n.5, 125 S.Ct. 2641, 2648 & n.5 (2005). In contrast, a prisoner may not advance a habeas "claim" in a Rule 60(b) motion. *Id*. at 530-32, 125 S.Ct. at 2647-48. Such claims include asserting that a claim had been omitted

in the prisoner's habeas petition, presenting newly discovered evidence in support of a previously denied claim, or contending that a subsequent change in the law is a reason justifying relief from the previous denial of a claim. *Id.* at 531, 125 S.Ct. at 2647. A Rule 60(b) motion raising such "claims" is properly considered a successive habeas petition. *Id.*

### III. Discussion

Petitioner raises the following claims: (1) newly discovered evidence shows that he was entitled to relief with respect to his § 2255 claim that counsel was ineffective in failing to conduct an adequate pretrial investigation (Claim 1); and (2) intervening changes in the law establish that he was entitled to relief with respect to his § 2255 claim that counsel rendered ineffective assistance as to the government's plea offer (Claim 2). **ECF No. 108** at 10-11. Petitioner argues that Claims 1 and 2 demonstrate that this Court committed manifest errors of law in denying his § 2255 motion. *Id.* at 11, 24. He also asserts that the motion for reconsideration is not an attempt to present new claims attacking his criminal judgment, but is merely an attempt to present new evidence and changes to the law. *Id.*

Review of the motion for reconsideration reveals the fallacy of petitioner's attempt to paint his motion for reconsideration as something it is not. Simply put, the motion for reconsideration is clearly an attempt to challenge petitioner's underlying criminal judgment. As the Supreme Court explained in *Gonzalez*, pleadings that attempt to vindicate "claims" that present newly discovered evidence, such as Claim 1, and "claims" that contend that a subsequent change in substantive law justifies relief, such as Claim 2, are "similar enough" to a habeas corpus petition to subject them to the same requirements. *Gonzalez*, 545 U.S. at 531, 125 S.Ct. at 2647. The same conclusion can be drawn from the relief that petitioner seeks. Notably, he requests, if the motion for reconsideration is successful, for his § 2255 motion to be granted. **ECF No. 108** at 25. In addition, he repeatedly states that this Court committed manifest errors of law in denying his § 2255 motion. *Id.* at 11, 24. Thus, he attacks

the previous resolution of his claims on the merits, which the Supreme Court identified as advancing a habeas "claim." *Gonzalez*, 545 U.S. at 532, 125 S.Ct. at 2648.

Because petitioner has already presented claims for relief from his underlying criminal judgment in his § 2255 motion, and had those claims adjudicated on the merits, any pleading advancing further claims for relief from his criminal judgment is a second or successive habeas petition, subject to the requirements of § 2255(h). *Muñoz v. United States*, 331 F.3d 151, 153 (1st Cir. 2003). One such requirement is that the second or successive motion be certified by the appropriate court of appeals. 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244(b)(3)(A). Here, petitioner does not allege that he has presented the motion for reconsideration to the First Circuit Court of Appeals. Moreover, the record reflects that, at least with respect to Claim 1, which petitioner raised for the first time on appeal of the denial of his § 2255 motion, the First Circuit has already determined the claim failed to satisfy the requirements of § 2255(h). *See* **ECF No. 106**. As such, this Court must **DENY** the motion for reconsideration (**ECF No. 108**) for lack of subject matter jurisdiction. *Rodwell v. Pepe*, 324 F.3d 66, 73 (1st Cir. 2003).

## IV. Conclusion

For the reasons discussed herein, the motion for reconsideration (**ECF No. 108**) is **DENIED** for lack of subject matter jurisdiction. To the extent that a COA is needed for petitioner to appeal this Opinion, one is **DENIED** because he has failed to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

At San Juan, Puerto Rico, on this 7th day of April, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Court Judge**